UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

ANTHONY SOUTHARD,

   Petitioner,

vs.

J. T. SHARTLE,

   Respondent.

CASE NO. 4:11-CV-1695

OPINION & ORDER
[Resolving Doc. Nos. 1 & 4]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the court is *pro se* petitioner Anthony Southard's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. Southard also filed a Request for Leave to Amend the petition, which is **GRANTED**. He brings this action to vacate the sentence imposed by this Court. For the foregoing reasons, the Court **DENIES** the petition for writ of habeas corpus.

### I. Background

On January 7, 2000, a federal grand jury indicted Southard. *United States v. Southard*, No. 4:00cr0007 (N.D. Ohio 2000). He was charged with possession with the intent to distribute crack cocaine and using or carrying firearm during and in relation to a drug trafficking crime. On February 1, 2000, he filed a motion to suppress the cocaine obtained during the traffic stop. The Court held a hearing on March 31, 2000, and denied the motion, finding that the seizure was consistent with

Case No. 4:11-CV-1695
Gwin, J.

*Terry v. Ohio*, 392 U.S. 1 (1968).

After changing his plea to guilty, Southard entered into a plea agreement on April 10, 2000 wherein he reserved the right to appeal the outcome of the suppression hearing. This Court sentenced him on June 27, 2000 to a term of 240 months on Count 1 and a mandatory 60 months on Count 2, to run consecutively for a total of 300 months. A Judgment and Commitment (J&C) was issued the following day.

Petitioner timely appealed his motion to suppress to the Sixth Circuit Court of Appeals.[1] The Circuit Court denied the appeal and held that: (1) a pat-down search of the defendant did not exceed that permitted during a *Terry* stop, and (2) seizure of a plastic baggie detected during a *Terry* frisk did not exceed the permissible bounds of the "plain touch" doctrine. *See United States v. Southard*, 20 Fed. Appx. 304, 2001 WL 1141397 (6th Cir. Sept. 17, 2001).

Southard filed a Motion to Vacate or Set Aside his sentence pursuant to 28 U.S.C. § 2255 on August 2, 2002. *Southard v. United States*, No. 4:02-CV-1519 (N.D. Ohio filed Aug. 2, 2002). He argued the Court lacked subject matter jurisdiction over the state traffic issue which, he said, was central to the federal cause of action. This Court denied Petitioner's motion on October 30, 2003.

On February 17, 2006 Southard filed a second Motion to Vacate, and styled the motion as pursuant to Federal Civil Rule 60(b)(4). Consistent with the Rule, this Court construed the Motion, in part, as a request for relief from its denial of Southard's first motion to vacate. The

---

[1] Southard's request for appointment of appellate counsel was granted on the same date.

-2-

Case No. 4:11-CV-1695
Gwin, J.

new Motion claimed this Court's judgment was void for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. An Opinion and Order was issued on July 20, 2006 denying Southard's second motion to vacate this Court's judgment against him on the basis of *res judicata*.

Southard appealed the Court's decision and moved to proceed *in forma pauperis*. On September 14, 2004, the Sixth Circuit affirmed this Court's decision and denied his request for a certificate of appealability. A petition for rehearing was denied by the Sixth Circuit on December 16, 2004.

In the present petition, Southard requests an Order dismissing Count 2, determining he is actually innocent of violating 18 U.S.C. §924(c) and vacating his 60 month consecutive sentence. By amendment to the petition, Southard argues further that his enhanced sentence was rendered invalid by the Supreme Court's decision in *Carachuri-Rosendo v. Holder*, ___U.S. ___, 130 S.Ct. 2577 (2010).

**II. Legal Standards**

A. Initial Screening

This matter is before the court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520 2002, WL 31388736, at *1 (6th Cir. Oct. 22, 2002). A court is required to award an application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner. *Jones v. Russell*, 396 F.2d 797 (6th Cir. [1968]); *Gray v. Johnson*, 354 F.2d 986 (6th Cir. [1965])." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert.*

Case No. 4:11-CV-1695
Gwin, J.

*denied* 400 U.S. 906 (1970). Petitioner has not met his burden.

B. Federal Habeas not Appropriate

Federal prisoners seeking to challenge their convictions or imposition of their sentences must file a motion in the sentencing court under 28 U.S.C. § 2255. *See Cohen v. United States*, 593 F.2d 766, 770 (6th Cir.1979). Claims wherein a prisoner seeks to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). A federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

**III. Analysis**

Southard clearly attacks part of the sentence this Court imposed. The attack is on two fronts, namely: (1) that he is actually innocent of the crime for which he pled guilty; and (2) that the enhancement of his sentence was rendered invalid by the Supreme Court's decision in *Carachuri-Rosendo*. While he acknowledges these claims should be raised in a 28 U.S.C. §2255 motion to vacate, Southard asserts he is entitled to request relief under §2255's 'safety valve provision.'

Under highly exceptional circumstances, a federal prisoner may challenge his conviction and the imposition of his sentence under § 2241, instead of § 2255. *See* 28 U.S.C. §

Case No. 4:11-CV-1695
Gwin, J.

2255(e); *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir.1999). The safety valve provision of §2255 allows a federal prisoner to bring a § 2241 claim challenging his conviction or the imposition of his sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir.1997).

Without question, § 2255 is not considered inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See e.g.*, *Chandler*, 180 F.3d at 756. Nor is the § 2255 remedy considered inadequate or ineffective simply because § 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), *cert. denied*, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir.1998).

Southard has faced all of the very same impediments to bringing a challenge to his federal sentence. It is now his burden to establish that his remedy is 'inadequate or ineffective' to test the legality of his detention, as that phrase has been interpreted by the Sixth Circuit. Based on the allegations in this petition, however, Southard has failed to meet his burden.

A. Actual Innocence

To date, access to the savings clause has been limited to those prisoners who are

Case No. 4:11-CV-1695
Gwin, J.

unable to submit claims of actual innocence because they are otherwise barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Charles*, 180 F.3d at 756-57 (collecting cases). The only circumstance the Sixth Circuit has determined § 2255 to be an ineffective or inadequate remedy is when the petition stated a facially valid claim for actual innocence. *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir.2003).

A valid assertion of actual innocence suggests an intervening change in the law establishes a prisoner's actual innocence. *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir.2003); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). Although Southard cites *Spense v. Superintendent, Great Meadow Correctional Facility*, 219 F.3d 162 (2nd Cir. 2000) to assert that he can never be procedurally barred from raising a claim of actual innocence, the case does not stand for that proposition. *Spense* simply reiterated the legal axiom that a procedurally defaulted claim will be barred from federal habeas review unless the petitioner can either "show cause for the default and actual prejudice as a result of the constitutional violation" *Id*. at 170. Contrary to Southard's claim, he is procedurally barred from challenging his conviction. More than twelve years after his indictment, he now claims that the conduct for which he was charged, and in which he admittedly engaged, did not satisfy the elements of the crime to which he pleaded guilty. While he correctly concludes that actual innocence is characterized as factual innocence, rather than mere legal insufficiency his petition does not suggest an actual innocence claim.

Southard's guilty plea reflected an admission of all the elements of a formal criminal charge. *Johnson v. Zerbst*, 304 U.S. 458, 466 (1938). Now claiming his case is similar

Case No. 4:11-CV-1695
Gwin, J.

to *United States v. Bailey*, 516 U.S. 137 (1995), he seems to suggest his actions did not meet the statutory definition of a crime. However, *Bailey* was decided five years before Southard was indicted. In it, the Supreme Court established a more restrictive definition of the word "use" within 18 U.S.C. §924. As a result, some prisoners convicted of "using" a firearm during a drug crime or violent crime were rendered innocent. *See* 18 U.S.C. § 924(c)(1). These prisoners, who could not establish their innocence before *Bailey*, were barred from § 2255 relief even after *Bailey* because successive § 2255 petitions are limited to newly discovered evidence or a new and retroactive rule of constitutional law. *See* 28 U.S.C. § 2255; *In re Davenport*, 147 F.3d 605 (7th Cir.1998); *see also Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (holding in a § 2255 case that the failure to raise a *Bailey* claim on direct review can be overcome by a showing of "actual innocence"). Thus, prisoners with a claim arising under *Bailey*, had until one year after the Supreme Court's decision in *Bousley v. United States*, 523 U.S. 614, 620-21 (1998), i.e., until May 18, 1999, in which to bring a § 2255 motion. *See Pryor v. United States*, 278 F.3d 612, 616 (6th Cir.2002).

At the time Southard entered his plea, the *Bailey* decision was already five years old. Therefore, he was indicted for violating § 924(c) based on *Bailey's* more restrictive language for "use" of a firearm. Since entering his plea, there has been no material change to the statute. Unlike other prisoners who obtained review of their viable innocence claims under § 2241 because they did not have a prior opportunity to present their claims, *see, e.g., In re Davenport*, 147 F.3d at 609, 611, Southard had the opportunity to raise his claim in two § 2255 motions to vacate and failed to do so. Therefore, Petitioner has failed to establish that his remedy

Case No. 4:11-CV-1695
Gwin, J.

is inadequate or ineffective.

B. <u>No Relief under Carchuri-Rosendo</u>

Southard claims the use of a prior Ohio conviction to enhance his federal sentence was improper based on the Supreme Court's decision in *Carchuri-Rosendo*. In that decision, the Supreme Court held that a non-citizen defendant's second state offense for simple drug possession was not an "aggravated felony," so as to preclude cancellation of removal, because it was based on the mere possibility that a 2-year sentence might have been imposed in a federal trial. A year after *Carchuri*, the Fourth Circuit issued an *en banc* decision recognizing that the *Carachuri* rule applied retroactively to cases on collateral review. *See United States v. Simmons*, 649 F.3d 237 (2011).

Southard argues that *Simmons* put him on notice that he was entitled to use *Carachuri* to challenge his sentence within the limitations period provided by § 2255(f)(3). He contends that the language in § 2255(f)(3), requiring that a newly created right be made retroactive starts from the date of the *Simmons* decision. He reasons that until that opinion was issued he was unaware that *Carachuri* could be used for non-immigration cases. Thus, Southard argues the one-year statute of limitations for his *Carachuri* claim did not begin to run upon the Supreme Court's decision on June 14, 2010, but instead upon the Fourth Circuit's holding in *Simmons* on August 17, 2011. And, because his petition was filed within one year of that decision, it is timely. The argument lacks merit.

The one-year statute of limitations for filing a motion to vacate based on a right newly recognized by the Supreme Court runs from the date on which the Supreme Court initially

-8-

Case No. 4:11-CV-1695
Gwin, J.

recognized the right asserted, and not from the date on which the right is made retroactively applicable. *See Dodd v. United States*, 545 U.S. 353, 358 (2005). In *Dodd*, the petitioner filed a motion on April 4, 2001 to set aside his conviction based on the Supreme Court decision in *Richardson v. United States,* 526 U.S. 813 (1999), issued on June 1, 1999. On April 19, 2002, the Eleventh Circuit issued *Ross v. United States*, 289 F.3d 677 (11th Cir. 2002) to recognize that the *Richardson* rule applied retroactively. The trial court dismissed Dodd's motion as time-barred for filing more than one year after the *Richardson* case had been decided. On appeal, Dodd argued that the statute of limitations did not begin to run until the Eleventh Circuit's decision in *Ross*. Justice O'Connor held that the text of § 2255(f)(3) "unequivocally identifies one, and only one, date from which the 1–year limitations period is measured," which is the date that the right asserted was originally recognized by the Supreme Court. *Dodd*, 545 U.S. at 357.

Here, the statute of limitations for filing Southard's right for relief under § 2255, based on the Supreme Court's ruling in *Carachuri*, began on June 14, 2010, when that opinion was issued. While this Court will not construe this as a § 2255,[2] there is no merit to his contention that the one-year period for filing a § 2255 could only have begun with the *Simmons* decision. Because it appears Southard is attempting to use §2255's safety valve because he is time-barred from filing a motion to vacate his sentence, he has not established that his remedy under § 2255 is inadequate or ineffective.

## Conclusion

Based on the foregoing, the petition is DENIED pursuant to 28 U.S.C. § 2243.

---

[2]*In re Shelton*, 295 F.3d 620, 622 (6th Cir.2002).

-9-

Case No. 4:11-CV-1695
Gwin, J.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

   IT IS SO ORDERED.


Dated: March 19, 2012          *s/ James S. Gwin*
                  JAMES S. GWIN
                  UNITED STATES DISTRICT JUDGE